COÖS.

---

PITTSBURG *v.* CLARKSVILLE.

To enable a town that has rebuilt a bridge to recover (under Gen. St., *c.* 66, *s.* 4) a portion of the expense from another town, it is not necessary that the latter should have been made a party to any legal proceeding concerning the bridge before it was rebuilt.

PETITION, alleging that a bridge in Pittsburg has been rebuilt by the plaintiffs at great expense, that the whole expense of rebuilding and keeping it in repair is excessively burdensome to the plaintiffs, and that the defendants are greatly benefited thereby. The plaintiffs ask that the defendants may be ordered to pay a portion of such expense. The defendants demurred.

*Aldrich & Parsons*, for the plaintiffs.

*Ray, Drew & Jordan* and *Johnson*, for the defendants.

STANLEY, J. This is a petition under Gen. St., *c.* 66, *s.* 4, and the defendants contend that it cannot be maintained, because the bridge had been rebuilt and the expenses incurred by the plaintiffs before the petition was filed; and this position is founded on the clause in the statute, " that the proceedings on such petition shall be such as in the case of laying out highways," in which case the town alleged to be benefited is entitled to notice, and to be heard on the question of laying out.

It is a familiar rule in the construction of statutes, that they are to be construed in relation to the subject-matter. In this case, the subject-matter is the reimbursement of the expenses incurred in rebuilding the bridge, by the town greatly benefited, to the town excessively burdened.

The statute assumes that the highway has been laid out and built, and its object is to afford a remedy to the latter town against the former. The true construction then is, that the town alleged to be benefited is entitled to be heard upon the question of contribution, and that for the purpose of affording them an opportunity for such hearing they shall have the same notice and as full a hearing as if the application were to lay out a new highway. The inconvenience and hardship resulting from any other construction practically nullifies the statute. The plaintiffs were bound to keep this bridge in a suitable condition for the public travel, and were liable to indictment if they neglected their duty in this respect. Gen. St., *c.* 68, *ss.* 1, 2.

If, as the defendants contend, the statute is to receive a strict and literal construction, it was the duty of the plaintiffs, before taking any steps to rebuild the bridge, to file their petition in court, have it served upon the defendants, at the next term of court, procure its reference to the commissioners, have a hearing before them, obtain their report, and at the succeeding term get a judgment thereon. After all this had been accomplished, they could rebuild the bridge; and during the pendency of these proceedings the public must submit to the inconvenience, and the plaintiffs rest under the liability to indictment upon the complaint of any person who might suffer in consequence, of the delay in rebuilding the bridge; or, to avoid this result, they might rebuild, but with no prospect of placing the burden where it properly belonged. The construction for which the defendants contend makes the statute fall far short of affording the relief intended, and it cannot be sustained.

*Demurrer overruled.*

SMITH, J., did not sit.